Good morning may it please the court I'm Sharon Blackford and I represent the appellate Mr. Bomber in this case. I would like to reserve four minutes for rebuttal and I would like to begin by addressing three points this morning if I may. First why the sentencing condition that Mr. Bomber has appealed which the government calls condition four and I'd like to use that for convenience was not second why the appeal of this condition was not barred by Mr. Bomber's appeal waiver and third how the sentencing materials recently provided by the government regarding Mr. Bomber's state court conviction support Mr. Bomber's position that the appropriate employment condition in this case was one that did not include any restriction on contact with minors. So if the court has no questions. All right your honor. Why don't we start with the appeal waiver. Yes certainly. Why why isn't this appeal waiver? Because under Bibler it's an illegal sentence. Oh under what conditions could an appeal waiver ever be enforced and under what conditions would would this would this court ever be able to enforce an appeal waiver if somebody's going to claim that the sentence is illegal. That is that is that those are always the grounds for whether we're claiming that it's an abuse of discretion or something else. This court never affirms a sentence and says we do so because we're going to be arbitrary and capricious. Right. We always we always will reverse reverse a sentence on some kind of legal grounds which means then no appeal waiver can ever be enforced until we've actually looked at the merits. Well there's no use to have an appeal waiver. Well in this case I would say that there was a one that's illegal on its face. One would be illegal on its face would be one for example in which the sentence exceeded the statutory term. That's the argument here. Yes. Well that's how what was this what was the statutory penalty for this? The statutory well the penalty was that there be certain conditions. Oh yeah well that's that's that's that's all negotiable. The statutory statutory term would be a term of years. That is the penalty the penalty for this crime is a 20 years and the judge sentences him to 25. That would be a pre-Mishbasha violation. Yes your honor. And that's what we suggested originally would be the grounds for avoiding an appeal waiver where there was an obvious violation of the statute. But you're down to arguing about about terms and conditions that are not specified in the statute that are given to the district judge for with great discretion and if we can review these on the merits then there's there's no use to ever having an appeal waiver. Well your honor I understand your and say when there is a statute that limits how you can restrict an employment there's always a statute. Yes but the judge did not have unfettered discretion to impose absolutely any condition he wished. Out of the list of what it is 23 types of conditions that he could impose this is the only condition that had a limitation that it had to be directly reasonably related to the crime of as wide or an unfettered discretion. And so the point here is that if you don't hold the judges accountable to the plain language of the statutes then the judges can sentence with any risk any they can make up any conditions they want and there would be no way to appeal them on the basis of illegality. I realize I'm not exactly answering your your question completely directly. I'm flipping it down to the opposite scenario but I think it's legitimate because that opposite scenario shows that if you don't enforce this then it opens the door to absolutely unfettered discretion with no limit no matter what the sentencing statute. When you look at this term of condition that's at issue here just look at it doesn't strike me as anything doesn't stand out as illegal or a condition that might be that might be imposed in a lot of cases. In a lot of cases that involve minors or sex but this one didn't this was about drug trafficking and drugs only. Well the conditions were that he had an he had a naked 16 year old in his in his room at the time and that she may have been able been there to help facilitate his drug sales. Absolutely your honor. And if that's the case and if he's and if he's selling drugs then why can't you impose a condition that says don't have any association with minors you can get back into this business. I understand that your honor if the government wanted the district court to have control over the issue of Mr. Bombers future contact with minors while on release then the government should not have given away the minors and sex trafficking portion of this case to the state court but really what happened is they did give that part of it away. That's just the prostitution claim but he may have been facilitating his drug sales through the minors that he was also selling for sex. I understand that that's pending in King County. No it's not pending anymore your honor actually I believe. All right. The government. I understand it but at the time it was pending it was pending in King County. Mm-hmm. But why isn't there a connection between using using minors to help facilitate your drug sales and the job of the his employment of selling drugs. I understand your honor and with the other 23 conditions I think it is that connection would be perfectly legitimate and I couldn't stand here today but with the employment condition the connection has to be closer than that because nothing about minors or sex is constituting the effect the offense of distribution of cocaine based possession of it with intent and possession of a firearm. You prove those elements and you don't have to prove anything about minors or sex. This is a reasonably direct relationship to the offense it said to the conduct constituting the offense. That's right constituting those has nothing to do with sex or minors. You don't have to prove. Is there any evidence at all that the minor or sex was related to the drug dealing? I think that's arguably true yes. You think there was or wasn't evidence? I believe there was. There was I mean I mean the judge considered. What evidence was there? The judge said he was not going to consider the evidence of minors and sex because he did not because Mr. Bommer didn't plead to it. So Judge Zille specifically said on the record he wasn't going to consider anything about minors or sex and in fact the this government proposed many conditions relating to minors and sex and the judge said after Mr. Gombiner discussed it that the judge was not going to impose those because Mr. Bommer didn't plead to anything relating to minors or sex and minors and sex had nothing to do with this case. It was only the employment restriction that he decided to carve out and leave in and we don't know why he did not your honor. I'm sure he understood Mr. Gombiner's argument. He listened carefully but it came it came out of the from the probation office right? I'm sorry what wasn't that a condition of the probation office recommended? Yes it was your honor and the probation office was aware that the that the prostitution charges had been have been separated at that point. Yes I believe so. So there was another statement in the probation report that I think it was a PSR 10. I'm not familiar with the PSR 10. The statement is Bomber drove girls to arrange locations where they performed sexual acts for money. Witnesses also indicated that Bomber sold drugs from his hotel room and that girls could supplement their income by preparing and selling drugs for Bomber. Yes your honor. Yes required to prove these crimes. You look at relevant conduct. The scope of relevant conduct is wider in the other conditions that don't have this particular restriction of bearing a reasonably direct relationship to the conduct constituting the offense. He's using these young girls to help sell his drugs. I don't know why the judge couldn't impose this condition. Because that conduct facilitated, surrounded, enhanced his business but it didn't constitute the offenses of distribution of cocaine based or drug trafficking. That's the argument that I have your honor. I'd like to reserve the rest of my time for rebuttal. Thank you. May it please the court. I'm Todd Greenberg representing the United States. I think the court started out with exactly the right inquiry and that is if the appellant here can reach substantive appellate review of this supervised release condition when couldn't a supervised release condition be reviewed on appeal notwithstanding an appeal waiver. And the answer to that question is probably never. It would be essentially. But what but what do we do what we do with Miss Blackford's very good point that that then frees district judges to impose any conditions that they wish without any possibility of review. Well there's two things we can do with that. One is an appellant could choose not to waive the rights to appeal because that is something that flows from an appeal waiver is that there is a. I mean isn't that pretty much something that the government always requires these days. Not always requires we certainly we try to include them as much as possible to avoid you know To constitute an illegal sentence. What this court has meant by that is a sentence that can never be lawfully imposed. One that opposes statutory maximum or something. Something like that. And certainly a supervised release condition might rise to that level. But it doesn't in this case. The defendant isn't even arguing that this type of condition can never be imposed. We know it can be because there's a statute that allows for it. What the defendant here is arguing is that as applied in this case based on the facts of this case the district court abused its discretion in imposing the condition. And that is basically substantive appellate review of the supervised release condition that is precluded by an appeal waiver and particularly the one in this case. Would you articulate for us how you would write a rule that says that a will not be construed to stop an appeal when there's a violation of something like a statutory maximum. But that it will be enforced in a case where a supervised release condition is imposed that doesn't relate to the conduct of the offense. And I'm going to just ask you to assume that factual last comment. I'm not going to the facts of the case. I just want to know how you would write a rule based upon how how illegal the alleged condition is. Well I think this court has that rule in place in the Bibler case. Which is that. Which case? In the Bibler case. Which defines you know quite narrowly what an illegal sentence is that would. It's almost akin to a plain error rule. That is if a judge has sentenced you in excess of what the statute provides as a maximum. That's plain. That's a plain error. The judge is responsible for catching that and curing that problem. That's correct. And so if there was an error such as that. That you know like I was saying. A condition that could never be imposed. That would just be unlawful in every case. Then under this court's precedent the court would have the ability to address that notwithstanding an appellate waiver. But again the appellant in this case isn't arguing that. They are getting to the facts of the case. And arguing an abuse of the type of thing that is precluded by an appeal. So your test would be that it would have to be a clear legal violation rather than a violation that gets into the facts of the case. Well that's what that's what this court's precedent requires. That it be an illegal sentence. And the language that is used in that regard is that it exceeds the permissible statutory penalty. Yeah. So I mean that's an extreme situation. And I think this court has intentionally crafted that this exception narrowly. In order to enforce and honor appeal waivers in situations such as this. And that's what we're asking this court to do. So is it your position then that the test in the Ninth Circuit is that the illegality of a sentence. The only illegality that illegality that is covered is a illegality that exceeds the statutory maximum for the offense. Or could there be other illegalities? There is a second category of illegality that this court has defined. And that is something that arises to the level of a constitutional violation. And we again we don't have that here. This court as recently as 2014 in the case of Litman v. Harris has acknowledged that neither this court nor the Supreme Court has ever found that there is a fundamental right to any particular type of employment. So that also does not apply here. In the supervised released area are there any restrictions that say district judges cannot impose this kind of condition? Are there any limitations in other words? Well there's clear limitations that are strictly prohibited. There are laws governing you know the types of conditions that must be imposed. And it has to be reasonably related to the sentencing factors. And it can't be you know infringe on more liberty than otherwise would be necessary. So that I mean those those laws are in place. But as far as you know a. In your view could a could a any condition of supervisory released ever exceed the statutory requirement? I think there could be conditions that either exceed the And this court has found some of them. Cases where for instance in the Wolfchild case where the defendant was prohibited from interacting with his life partner and his daughters as a condition of supervised release. And that was deemed to be a constitutional violation and this court reversed there. So there are there are gonna be some conditions that are so extreme and so illegal they could never be imposed. We're just not anywhere near that in this particular case. Why not? Because because of the reasons that this court has discussed. This is a relatively routine supervised release condition. It not only is based on the facts of the case regarding the drug dealing in the 16 year old naked female that was found with the defendant at the locus of his drug dealing. But it's it's a a very standard and frankly limited restriction on employment. I think another thing that is quite notable here is that the condition for has two sentences. Only the second sentence is being challenged. And somewhat remarkable because the first sentence of the condition requires all of the defendant's employment to be approved by the probation office. And it says the defendant's employment must be approved in advance. All of it. He does not challenge that. He didn't in the district court and he doesn't a challenge that here on appeal. So the second sentence which you know hones in on a small subset of potential employment that dealing with exposure to minors. It's really it doesn't add much if anything in terms of a restriction on the defendant's liberty. So again there's just no way this condition can be so extreme as to be illegal in the sense required by this court. So what was what was the evidence that that Mr. Bomber was using the women that he had with him to facilitate his drug? The evidence before the court is that exactly which the court has cited in the pre-sentence report. That he that he used these the women the girls frankly who were his prostitutes to also help sell his drugs. What evidence was there of that? Well there was a lot of evidence of that but I guess what we're talking about what's in the record. In the record yeah. Is that is that paragraph in the pre-sentence report that says that? It specifically says that the defendant did that. The district judge specifically said he was not going to rely on anything in the pre-sentence report relating to sex. Well he. That is that a clear error if the judge says to a person I am not going to rely on anything relating to sex. And then he imposes something that does rely on on something relating to sex. Would that meet your plain error test? Well that's not what happened here because we're talking we're not talking about the sex the aspect of the sex crimes. We're talking about the drug crimes and that's what this defendant was convicted of. So Judge Zilli I think you know properly parsed that out and he said I'm not going to consider evidence of the sex crimes. But as to the drug trafficking the counts of conviction the defendant used those same victims as part of that offense the offense of conviction and that's perfectly appropriate for this court for the district court. He didn't make a finding of that did he? He did not articulate it in that manner. Yeah. And nor was he required to do so here. There was but there was no objection to this particular statement in the pre-sentence report was there? No there was not. But he did but he did note I'm looking at the transcript on page 9 that the variety of prostitution sex trafficking activities are interwoven factually with some of the other counts. They are and it was one course of conduct that the defendant engaged in along with an undercover agent. He supplied drugs. He and his brother sold a firearm to the agent and then also supplied the prostitute. So it was really one course of conduct. The court was right in that regard. Thank you. Okay thank you. Your honors I only have a few few seconds so I would like to make one point that this is an important condition. If you are a lawyer it may not matter if you can't work at McDonald's but Mr. Balmer is not an educated professional. When he gets out he probably will have to try to work at somewhere like McDonald's or somewhere else that's going to bring him into contact with minors. This condition actually will affect his life. This condition was not imposed in state court when he was convicted of the associated crimes involving minors that were finally resolved there. There was no imposition of any restriction regarding minors in state court. You're not satisfied that he could go to the supervised release officer and get a approval for McDonald's work? Well your honor no because the court in TM wasn't satisfied that that was sufficient. The court in TM faced an employment restriction relating to minors and it was disputed on very similar grounds to the grounds that Mr. Balmer is disputing and the court said no. The fact that the probation officer could approve it is insufficient. This is actually too important to allow the unfettered discretion of the probation officer. What do we do with the district court's observation that the sex counts were were interwoven with the that there were some recitations in the PSR about the sex counts because it was interwoven into the into the remaining counts? Mr. Balmer's trial attorney did object to those. He objected to what? He objected to the facts relating to sex and minors. Right but the district court found that they were interwoven with the other with the other counts. Yet he also found that they were not proven. Well which was not proven? That the sex and minors. Well that had been excluded at that point. He said I'm not going to rely on the on the evidence necessary to support these sex counts but that doesn't mean it's irrelevant to other things. But it's but it means he's not relying on it to sentence Mr. Balmer or for Mr. Balmer to be convicted of the drug and firearms charges. That specifically says that the conduct that was that convicted Mr. Balmer on the drug and sentencing charges was not the sex and minor conduct. You didn't object I just want to clear you didn't there was no objection to the first sentence in paragraph four of the condition. Are you referring to that it has the defendant's employment must be approved in advance? Oh no no no no objection whatsoever your honor. Now what happens at the probation? What if that were the only only restriction the probation officer says hey you know you can't work at McDonald's. The problem is that the condition as it's written right now gives the probation officer unfettered discretion to decide that he can't work at McDonald's or any other place he's likely to actually get legal work because it will probably bring him into contact with minors. That unlimited discretion was contained in that first sentence that you didn't object to. What it means is that the probation officer cannot say you may not work at McDonald's because children are there. The probation officer would have to come up with another reason. It doesn't say that the sentence just simply says wherever you work you got to get approval from the probation officer period. And if you didn't object to that isn't that the greater including all what all the lesser things that follow? I don't believe it is because if the probation if this condition is correctly cleaned up and then the probation officer cites the fact that children are at McDonald's Mr. Balmer can go to his attorney and he can contest that in court and he can have a hope of getting a service job. He can do the same thing now. I mean he can still go to the back to the court and say hey look judge I can get a job. The problem is. I can get a job and I want you to modify this term and condition of a probation. Well I don't see any reason to do that later when it should have been done correctly at the district court level. All right we let you go over your time. Thank you. Thank you very much. Matters submitted. Thank you counsel.
judges: Ebel, Paez, Bybee